[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2010
JOHN LEY
CLERK

No. 10-11337
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20014-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARC HENRY MERELAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 28, 2010)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Marc Merelan appeals his conviction of importing 500 or more grams of

cocaine, in violation of 21 U.S.C. § 952(a).

The evidence at trial established that Merelan arrived in Miami on a flight from Port-au-Prince, Haiti. The government considered this route "high risk" because it was often used to smuggle drugs into the United States. When Merelan's flight arrived, customs officials x-rayed all the luggage from that flight and noticed that one of Merelan's bags was unusually dense. Custom and Border Protection Officer Barzelay opened the bag and discovered a gift-wrapped wooden plaque. As officials inspected the plaque, they noticed a white powder residue that field tested positive for cocaine.[1] They re-wrapped the plaque, replaced it in the bag, and sent the bag to baggage claim.

After Merelan picked up the bag, along with another piece of luggage, Officer Navedo stopped and questioned him. Merelan stated that the bags were his and that he was not carrying anything for anyone else. When Navedo opened the bag and asked about the plaque, Merelan stated that it was a gift for his girlfriend. During further questioning, Navedo conducted another field test in front of Merelan; Merelan did not respond when the field test showed the powder to be cocaine. Merelan was arrested and given his *Miranda*[2] rights, after which Merelan explained that a man had given him the bag to bring to the United States.

---

[1] The parties stipulated that the amount of drugs involved was 970.2 grams.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Merelan could not describe the man and did not know what the man had been wearing, nor did he know the man's name. While Merelan was being processed, Navedo overheard him say that he was carrying the bag for someone else but he never mentioned the person's name.

In his own testimony, Merelan stated that he was traveling to the United States to visit his wife and children. At the airport in Haiti, a friend named Roman, accompanied by another man Merelan did not know, asked Merelan to carry his bag so that he could avoid the excess baggage fee. Roman showed Merelan the contents of the bag and said that the plaque was a Bible. An immigration officer advised him that the bag had been checked and was safe to carry.

When asked about his statements to customs officials after his arrival, Merelan responded that he had said the bag was his because he did not believe there was anything illegal in the luggage and he did not want Roman to be charged for the extra bag. He explained that he told Navedo that the plaque was a gift for his girlfriend because Navedo had admired the plaque and he was very proud. He further explained that he cooperated with Navedo's investigation because he believed there was nothing illegal in the bags. After he learned that officials had found cocaine on the plaque, he panicked because he would not have brought

3

drugs into the United States.  He then admitted to officials that was carrying the bag for another man that he had met at the airport.

During cross-examination, Merelan stated that he was going to visit his wife, but he did not know her current address.  He explained that his brother-in-law was to give him the address when he arrived.  He stated that he did not give Roman's name to the customs agents because they did not ask for it.

Based on this evidence, the jury convicted Merelan of importing 500 grams or more of cocaine, but acquitted him of the second charge–possessing with intent to distribute cocaine.  The court sentenced Merelan to 60 months' imprisonment. Merelan now appeals.

We review the sufficiency of the evidence supporting a criminal conviction *de novo*.  *United States v. Khanani*, 502 F.3d 1281, 1293 (11th Cir. 2007).  When reviewing the sufficiency of the evidence, all evidence and all reasonable inferences must be viewed in the light most favorable to the government.  *Id*. Because the jury is free to choose among reasonable constructions of the evidence, we must accept the jury's credibility determinations and inferences.  *Id*.

The government is required to prove each element of the charged offense beyond a reasonable doubt to sustain a conviction.  *United States v. Rogers*, 94 F.3d 1519, 1524 (11th Cir. 1996).  To establish importation of 500 or more grams

of cocaine in violation of 21 U.S.C. § 952(a) the government must prove (1) the defendant imported cocaine into the United States from a place outside thereof, (2) he did so knowingly and willfully, and (3) the weight of the cocaine imported by the defendant was in excess of 500 grams. *See United States v. Rodriguez-Suarez*, 856 F.2d 135, 140 (11th Cir. 1988). At issue in this case is whether the evidence was sufficient to establish Merelan's knowledge.

To establish that the defendant acted knowingly, the government must prove that the defendant had knowledge of a controlled substance in his possession. *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008). "Direct evidence of knowledge, however, is not necessary to sustain [the defendant's] conviction; the government may prove its case through circumstantial evidence." *United States v. Quilca-Carpio*, 118 F.3d 719, 721 (11th Cir. 1997). When a defendant testifies, the jury is "free to reject" that testimony and can infer that the opposite is true. Moreover, the jury may consider such evidence as substantive evidence of guilt. *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009) (citations omitted).

Here, the evidence at trial established that Merelan picked up the bag containing the cocaine from the baggage claim, and that he initially claimed ownership both of the bag and of the plaque inside the bag. In his testimony,

5

Merelan stated that he did not believe there was anything illegal in the bag and explained that he would not have brought drugs into the United States. The jury was free to disbelieve Merelan's testimony and consider it is substantive evidence of his guilt. Moreover, the jury, when faced with the various inconsistencies in Merelan's explanations, could have found his testimony incredible. We will not disturb the jury's credibility findings. Accordingly, we conclude the evidence established Merelan's knowing importation of cocaine. His conviction is

**AFFIRMED.**